**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-22755-CIV-D'ANGELO**

**EVA ROSEMARIE**
**LOPEZ ECHEGOYEN,**

**Plaintiff,**

**vs.**

**UNITED STATES CITIZENSHIP AND**
**IMMIGRATION SERVICES, et al.**,

**Defendants.**
_______________________________________/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendants United States Citizenship and Immigration Services ("USCIS"), Jennifer B. Higgins, in her official capacity as Director of USCIS, Pam Bondi, in her official capacity as the Attorney General of the United States, Elizabeth Ferro, in her official capacity as the Field Office Director for USCIS's Miami Field Office, United States Attorney's Office's (collectively Defendants) Motion to Dismiss filed on August 18, 2025 (DE 11).[1] Plaintiff Eva Rosemarie Lopez Echegoyen filed her response in opposition on August 19, 2025 (DE 14), and Defendants replied on August 21, 2025 (DE 15). Having considered the Parties' arguments, the relevant legal authorities, and the pertinent portions of the record, and being otherwise fully advised in the premises, for the reasons stated below, Defendants' Motion to Dismiss is **GRANTED** for lack of subject matter jurisdiction.

[1] Pursuant to Administrative Order 2025-11, the undersigned United States Magistrate Judge has been assigned as the presiding Judge for all purposes in this case, including entering a dispositive order, presiding over any trial, and entering a final judgment. Plaintiff and Defendants also signed a written consent form, agreeing to the undersigned Magistrate Judge's jurisdiction, and reaffirmed the same at the hearing on January 16, 2026 (DE 26, 27).

## I. BACKGROUND

Plaintiff has been a lawful permanent resident of the United States since 2011 (DE 1 ¶ 7). On March 28, 2025, she filed a Form N-400 with USCIS for naturalization after accruing more than four years and one day of continuous residence since her return to the United States in February 2021 (*id.* ¶ 16). USCIS requested additional evidence from Plaintiff on June 2, 2025, showing that she did not abandon her residence during her prolonged absence from the United States (DE 1-1 at 6). Plaintiff provided a written response and the requested documentation a few days later (DE 1 ¶ 17; DE 1-1 at 8-20).

On June 16, 2025, USCIS denied Plaintiff's N-400 Application (DE 1 ¶ 18; DE 11-1 at 1-3).[2] The Notice of Decision states,

> If you believe that you can overcome the grounds for this denial, you may submit a request for a hearing on Form N-336, Request for a Hearing on a Decision in Naturalization Proceedings, within 30 calendar days of service of this decision (33 days if this decision was mailed). See Title 8, Code of Federal Regulations (8 CFR), sections 336.2 (a) and 103.8(b). Without a properly filed Form N-336, this decision will become final. See section 336 of the Immigration and Nationality Act (INA).

(DE 11-1 at 2). Plaintiff alleges that USCIS's denial fails to acknowledge the requalification rule under 8 C.F.R. § 316.5(c)(1)(ii) or explain why that regulation did not control (DE 1 ¶ 18). "As a result, Plaintiff has been forced to seek judicial relief. . . ." (*id.* ¶ 20). Plaintiff does not allege in

---

[2] The USCIS decision that Plaintiff attached to the Complaint references a Form N-400 filed on June 6, 2024 (DE 1-1 at 22-24). The Parties agree the N-400 Application that is the subject of the instant Complaint was filed on March 28, 2025 (*see* DE 1 ¶ 7). Defendants explain in their Motion that Plaintiff inadvertently attached the incorrect denial of her N-400 Application to the Complaint and attached the correct denial to their Motion (DE 11 at 2 n.1; DE 11-1 at 1-3). In her opposition, Plaintiff does not dispute the authenticity of the denial that Defendants provided (*see generally* DE 14). "[T]he court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citation omitted). The Notice of Decision denying Plaintiff's N-400 Application is dated June 16, 2025, not June 14, 2025 as alleged (*compare* DE 1 ¶ 18 *with* DE 11-1 at 1).

the Complaint, and concedes in her opposition, that she did not submit Form N-336 to request a hearing on the denial of her N-400 Application and never had a hearing (DE 14 at 2-3).

In the instant Complaint, Plaintiff asserts four claims. Count One alleges improper denial under the INA (*id.* ¶¶ 21-23). Count Two alleges arbitrary and capricious agency action under the Administrative Procedures Act (*id.* ¶¶ 24-25). Count Three alleges a "Pattern-and-Practice of Arbitrary and Evasive Adjudication (Linked to Case No. 1: 25-cv-20569-KMM)" (*id.* ¶¶ 26-28). Finally, Count Four alleges a violation of procedural due process under the Fifth Amendment (*id.* ¶¶ 29-31). As part of her requested relief, Plaintiff asks the Court to "[c]onduct a de novo review hearing under 8 U.S.C. § 1421(c)" (*id.* at 5).

## II. **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction that are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution" and entrusted to them by a jurisdictional grant authorized by Congress. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). "When a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Id.* "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citation omitted). Courts must first determine whether there is subject matter jurisdiction before addressing the substantive issues. *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1352 (11th Cir. 2008) ("We first consider our jurisdiction.").

Dismissal under Federal Rule of Civil Procedure 12(b)(1) is appropriate if a plaintiff fails to show that the Court has subject-matter jurisdiction over the lawsuit. Rule 12(b)(1) motions to

dismiss for lack of subject matter jurisdiction can be asserted on either facial or factual grounds. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). When considering such challenges, the Court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). However, where a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence, such as deposition testimony and affidavits. *Id.* The party invoking the Court's jurisdiction bears the burden of showing that the action falls within the Court's subject matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

## III. DISCUSSION

In support of their Motion, Defendants argue that Plaintiff has not alleged she exhausted her administrative remedies by requesting or participating in a hearing before an immigration officer (DE 11 at 4). Without a hearing, Defendants contend that the Court lacks subject matter jurisdiction under Section 310(c) of the INA and must dismiss the case (*id.*). In opposition, Plaintiff contends, "No reasonable applicant would believe that paying another $700 and waiting another eight months for an internal rehearing before the same agency would produce a lawful outcome" (DE 14 at 1). Plaintiff further argues that exhaustion is futile, and the Court should excuse the exhaustion requirement, as "Plaintiff had no meaningful remedy within the agency" (*id.* at 3). In her view, "[f]orcing Plaintiff to file Form N-336 . . . is not exhaustion—it is extortion" (*id.*). In their reply, Defendants argue that Plaintiff admitted she did not exhaust administrative remedies, and the Court lacks discretion to excuse the statutory exhaustion requirement in Section 310(c) (DE 15 at 1-2).

Section 310(c) of the INA states, "A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this title, may seek review of such denial before the United States district court for the district in which such person resides. . . ." 8 U.S.C. § 1421(c) (1994). "Thus, Congress has provided for district court review of a denial of a naturalization application 'only where the applicant has received an immigration hearing under § 1447(a)' . . . ." *Antoine v. Wolf*, No. 20-CIV-926, 2020 WL 13547452, at *2 (M.D. Fla. Dec. 14, 2020) (emphasis removed) (citation omitted); *see also Huang v. Sec'y U.S. Dep't of Homeland Sec.*, 468 F. App'x 932, 935 (11th Cir. 2012) ("Congress explicitly allows district court review of the denial of a naturalization application only where the applicant has received an immigration hearing under § 1447(a)."). Where, as here, there is a statutory exhaustion requirement, the Supreme Court has cautioned, "[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).

Plaintiff acknowledges that she did not request – and in turn, did not allege in the Complaint that she had – an immigration hearing under Section 1447(a), as Section 1421(c) requires. Instead, Plaintiff argues that USCIS acted in bad faith in denying her N-400 Application, and exhaustion should be accused because it would have been futile in any event (DE 14 at 2-3). According to Plaintiff, "Faced with a $700 fee and an 8-9 month wait for an N-336 that would only perpetuate this bad faith, Plaintiff reasonably declined to pursue it" (*id.* at 3). But, "district court[s are] not authorized to read an exception, including one based on futility or the USCIS's actions, into [Section 1421(c)'s statutory exhaustion] requirement." *Huang*, 468 F. App'x at 935; *see also Harris v. Dep't of Homeland Sec.*, 18 F. Supp. 3d 1349, 1355 (S.D. Fla. 2014), *as amended* (May 8, 2014) ("[I]f a statute requires exhaustion of administrative remedies in order for jurisdiction to

lie, the district court is not free to ignore or excuse that requirement for any reason, as the court's very jurisdiction depends on exhaustion."). This Court cannot simply disregard the very statutory requirements that form the basis of its authority to hear disputes such as this one.

The United States Court of Appeals for the Eleventh Circuit has addressed this very issue of administrative exhaustion when a plaintiff seeks a *de novo* review of a naturalization application in *Huang*. There, the plaintiff filed an N-400 Application for naturalization, which was denied. *Huang*, 468 F. App'x at 933. The plaintiff appealed the denial in the administrative process, which USCIS did not rule on, while the plaintiff also filed a claim for *de novo* review in federal court. *Id.* The defendants moved to dismiss, claiming the Court lacked subject matter jurisdiction, as the plaintiff did not exhaust his administrative remedies. *Id.* at 934. The plaintiff argued that exhaustion was futile. *Id.* The district court agreed with the defendants and dismissed the case for lack of subject matter jurisdiction. *Id.* On appeal, the Eleventh Circuit affirmed the dismissal and explained that district courts are not permitted to excuse compliance with Section 1421(c)'s exhaustion requirements. *Id.* at 935. In other cases, too, "the Eleventh Circuit has upheld dismissals for lack of subject matter jurisdiction in actions brought by applicants who have failed to exhaust this statutory requirement." *Antoine*, 2020 WL 13547452, at *2 (citing *Karam v. U.S. Citizenship & Immigr. Servs.*, 373 F. App'x 956, 958 (11th Cir. 2010)).

Defendants correctly point out that the Court lacks subject matter jurisdiction to consider Plaintiff's Complaint. Plaintiff does not dispute that she has not exhausted her administrative remedies before USCIS (*see* DE 14 at 2-3). "[T]he law is clear: the Court lacks subject matter jurisdiction over this action, as pleaded." *Antoine*, 2020 WL 13547452, at *2; *see also Karam*, 373 F. App'x at 958 (affirming the district court's dismissal for lack of subject matter jurisdiction where the plaintiff did not dispute that he did not properly exhaust administrative remedies under

Section 1421(c)). Since it is deprived of subject matter jurisdiction to continue, the Court does not reach the merits of Plaintiff's claims.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** that Defendants' Motion to Dismiss (DE 11) is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. The Clerk of Court is respectfully directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE and ORDERED** in Chambers in Miami, Florida on this 31st day of March, 2026.

Ellen D'Angelo

ELLEN F. D'ANGELO
UNITED STATES MAGISTRATE JUDGE

cc: *Pro se* Plaintiff Eva Rosemarie Lopez Echegoyen
All Counsel of Record